No. 9.—HAND, WILLIAMS & Co., plaintiffs in error, *vs.* GREENVILLE & SAMPLE, defendants in error.

[1.] A Sheriff after having retired from office may be ruled.

[2.] But he cannot move to re-instate a case to which he is no party, which has been dismissed by the Court.

Assumpsit, in Chatham Superior Court. Decision by Judge FLEMING, at May Term, 1857.

The plaintiffs, Hand, Williams & Co., sued out bail process in assumpsit against Charles E. Greenville and William T. Sample, partners in trade, under the firm of Greenville & Sample, for the sum of $635 36, alleged to be due on account, to which was attached an affidavit for bail.

The Sheriff arrested Greenville, who gave bond with M. J. Reily surety, for his appearance, &c., and made the following return:

"GEORGIA, CHATHAM COUNTY, }
Sheriff's Office, May 15th, 1855. }

I have arrested Charles E. Greenville, one of the defendant's, and served him with a copy of the within, and taken bond in terms of the law.

A. THOMAS, *Sheriff, C. C.*"

No mention or return was made as to the other defendant, Sample. Upon the call of the case for trial, defendant's counsel moved to dismiss the action, on the ground that the service and return made by the Sheriff was illegal. The Court granted the motion and dismissed the suit.

Afterwards, at the May Term, 1857, of Chatham Superior Court, the plaintiffs, by A. H. H. Dawson, their attorney, made a motion to set aside the order dismissing the cause, and to reinstate the same on the docket, and to grant leave to the said Sheriff to amend his return.

Thomas who had executed the process and made the return, had gone out of office, and he was not Sheriff at the time this motion was made to allow him to amend the return.

Judge FLEMING refused the motion to amend, and ordered the suit to be dismissed, and the bail to be discharged. Counsel for the plaintiffs excepted.

A. H H. DAWSON, for plaintiffs in error.

GORDON, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The motion made by the late Sheriff to reinstate the dismissed case, and amend his return thereto, was refused by the presiding Judge, because, having gone out of office, he was not subject to the rule of the Court, and the cases of

*Hopkins vs. Burch*, 3. *Kelly* 225, and *Jessup vs. Gragg*, 12. *Ga. R.* 263, are relied on as precedents. Those were cases of constables.

[1.] It was certainly the duty of the Sheriff to have made the return to the petition and process as to the party not served. It was the plaintiff's right to have it, and if he refused to make it, he was unquestionably subject to be ruled. The Act of 1813, *Cobb*, 202, declares that " all Sheriffs, Coroners and Clerks, of any of the Courts of this State, shall at any and all times be subject to the order and rule of said Courts, after they have retired from their respective offices, in such cases and in like manner as they would have been had they remained in office." This act continues him in office, so far as to subject him to rule, at the instance of any party whom, by official negligence or misconduct, he may have injured, and all acts which he does by order of the Court he performs under his official obligation.

[2.] But that was not the question in this case. The Sheriff moved to re-instate a case which had been dismissed by order of the Court, and to amend his return.

He was no party to the suit. The case was out of Court, and he had no right whatever to move in it.

The judgment of the Court below must be affirmed.